IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:19-cr-00450(1) |
| | § | |
| JEFFREY STERN, ET AL. | § | |

## Unopposed Motion For Continuance And
## Request For A Status Conference

TO CHIEF JUDGE LEE ROSENTHAL:

The Defendant, Jeffrey Stern, by and through his counsel of record, files this Unopposed Motion for Continuance and Request for a Status Conference and would show this Court the following:

I.

Defendant Stern (and three of his co-defendants) seek a continuance of the current scheduling order established by the Court in ECF #94. Voluminous discovery and the expressed intention of the government to potentially present a superseding indictment necessitate this request. While explanation is provided below, undersigned counsel believe it appropriate to request a status conference to thoroughly air with the Court the various matters which may impact upon the Court's action regarding the requested relief.

II.

This case has effectively been on the Court's docket since August 6, 2019, when a superseding indictment was returned and orders directing the arrest of the five co-defendants were entered. *See* ECF #8, and #10 to #14.

As of August 8, 2019, four co-defendants are contesting the allegations of the superseding indictment. *See* ECF #20 (Guilty plea by Frederick Morris).

On August 22, 2019, the Court entered its original docket control order, establishing dates for pretrial motions in September and for pretrial conference and trial in October 2019. *See* ECF #45.

On September 19, 2019, counsel for Lamont Ratcliff filed an unopposed motion to amend the scheduling order and declare the case to be complex. *See* ECF #84.

On September 20, 2019, the Court granted ECF #84, declared the case to be complex, and amended the scheduling order to establish the following dates in ECF # 94:

> December 6, 2019: motion filing deadline
> December 20, 2019: responses to motions to be filed
> December 19, 2019: interim pretrial conference
> February 11, 2020: pretrial conference
> February 18, 2020: jury selection and trial

III.

On September 12, 2019, Mr. David Gerger and Ms. Ashlee McFarlane (former co-counsel for Stern[1]) met with Assistant United States Attorney Robert Johnson to discuss discovery. Their memo of that meeting reflects that AUSA Johnson would be supplying discovery in two batches the following week, subject to motions he would be filing.

On September 16, 2019, Dean Blumrosen, one of Stern's counsel, emailed Assistant United States Attorney Robert Johnson asking whether any discovery was yet available.  Later that same day, at 5:26 p.m., AUSA Johnson sent an email notifying counsel for all five co-defendants that the initial, first round of discovery would be available to pick up on September 17, 2019.

On September 17, 2019, Dean Blumrosen picked up the initial discovery. The discovery produced to Blumrosen consisted of a "flash drive" and a letter dated September 16, 2019. The letter outlined the contents of the flash drive which contained  34 "named" folders. Review of that flash drive reflects that it contains 5,749 files contained in 274 folders.[2] The files are *not* bates stamped and consist of

---

[1] They have been allowed to withdraw as co-counsel as of September 18, 2019. *See* ECF #89 and ECF #92.

[2] The 34 labeled folders contain 240 subfolders.

PDF's, outlook files, excel files and other "native" files other than PDF's. The letter

also alerted counsel to the existence of ten boxes of documents available for

inspection at the United States Attorneys Office which were not in electronic format.

The following day, Mr. Blumrosen arranged with Mr. Johnson for Mr. Secrest

and him to inspect the ten boxes on September 19, 2019, but due to inclement

weather, the inspection was rescheduled for September 20, 2019.[3]

On September 25, 2019, AUSA Johnson emailed all defense counsel regarding

the availability of additional discovery available to pick up as of that date.[4]  That

same day, September 25, 2019, Mr. Blumrosen picked up this additional discovery.

This discovery consisted of two letters, one dated September 19, 2019 and the other

dated September 20, 2019, along with a disc containing two folders of data.

---

[3] Mr. Blumrosen conducted a preliminary inspection of the ten boxes on September 20, 2019, and thereafter interfaced with Mr. Johnson and IRS CID Agent Simpson to obtain estimates for the scanning of those ten boxes on September 23 and 24, 2019. Due to subsequent developments regarding the absence of "bates stamped" documents in the original first two sets of discovery (addressed in the body of this motion, below), the scanning of those ten boxes was put on "hold" by Mr. Blumrosen. On October 23, 2019, Mr. Johnson informed Stern's counsel that those ten boxes had still not been scanned or bates stamped and requested Stern's counsel to coordinate with IRS CID Special Agent Simpson to make the necessary financial arrangements for those boxes to be scanning and bates stamped.

[4] At least part of this second round of discovery was produced after the Court entered orders granting two of the government's motions (i.e., see government motions at ECF #86 and ECF #87, both which were filed on September 17, 2019, and granted on September 18, 2019, as reflected by ECF #90 and ECF #91).

Inspection of the disc reflects that one contains 56 files contained in 6 folders, and the other contains 926 files in 70 folders.

Accordingly, as of September 25, 2019 (and excluding the ten boxes of paper files that have yet to be scanned), the discovery produced by the government consists of:

6,731 files;  and
350 separately labeled folders.

Due to the absence of "bates stamps" on the PDF documents contained in the discovery, and the existence of documents in formats other than PDF, Mr. Blumrosen (on behalf of counsel for all co-counsel other than counsel for Mr. Morris) sent an email to AUSA Johnson on September 27, 2019, requesting that the government "bates stamp" all of the documents produced in discovery (and convert "native" documents to PDF format before bates stamping).

On October 1, 2019, AUSA Johnson emailed all counsel stating that he would have the discovery produced to date "bates stamped", but indicated that he was unaware of the time necessary to accomplish this task. He also took the position that the absence of bates stamps should not impair or impede counsels' inspection of the discovery.

On Friday, October 18, 2019, Mr. Johnson emailed all counsel that the "bates

stamped" discovery was available to pick up.

On Tuesday, October 22, 2019, Mr. Blumrosen picked up the "bates stamped" discovery. The flash disc containing the "bates stamped" discovery reflects that it contains 226 folders with 3,546 files inside of those folders. Mr. Johnson's cover letter dated October 18, 2019, reflects that this flash drive contains "bates stamped" documents numbered H-19-450_00001 through H-19-450_309494.[5]

On October 23, 2019, counsel for Stern (Mr. Blumrosen and Mr. Botsford) met with Mr. Johnson and Mr. Ted Imperato.  At that time, a variety of topics were discussed, including the Government's position regarding a continuance. At that time, Mr. Johnson informed Stern's counsel that the Government did not oppose a continuance,[6] adding that there was the possibility of a superseding indictment against Stern (and possibly others, who were unnamed), but that no time frame could be

---

[5] It was not until October 23, 2019, that counsel for Defendant Stern physically inspected the flash drive picked up by Mr. Blumrosen on October 22, 2019. Based on a preliminary comparison of the first two sets of discovery and this most recent flash drive, it appears that the most recent flash drive contains "bates stamped" copies of some, but not all, of the discovery produced by the Government in the first and second discovery productions. A more detailed comparison is under way, but has not been completed as of the date of the filing of this motion.

[6] Counsel for Stern informed Mr. Johnson that two defense counsel thought a continuance until May 2020 should be granted, with a status hearing being held at that time to finalize dates. Mr. Johnson did not have an objection to that suggestion.

provided as to when that might occur.[7]

On October 24, 2019, Mr. Johnson emailed counsel for Stern clarifying that "the government is not opposed to a relatively short continuance" and that "[w]e would not oppose a continuance of 3 months to a May trial date," but that "[w]e are opposed to a continuance of more than three months."

The massive quantity of discovery provided to date renders it physically impossible for counsel for Stern to review all discovery and file meaningful, issue specific pretrial motions by the current deadline of December 6, 2019, inasmuch as this discovery encompasses a huge amount of data (both bates stamped documents and other types of media).

While it is certainly unknown whether there will be an additional superseding indictment (against Stern and/or others), that prospect only serves to heighten the appropriate need for a continuance of the current scheduling order, given the massive quantity of discovery provided by the government to date. In addition, Defendant Stern is detained in the Federal Detention Center (FDC).  Pretrial preparation, including the review of voluminous discovery, which Defendant Stern has a constitutional right to personally participate in, will take a substantially longer period

---

[7] Mr. Johnson essentially confirmed the essence of what he had told Mr. Gerger and Ms. McFarlane on September 12, 2019: that there was an "`ongoing investigation' and that there may be other charges (filed) against Stern and others."

of time to accomplish under the present circumstances.

Given Mr. Johnson's email of October 24, 2019, it is respectfully suggested that a status conference should be held so that the Court can hear from all counsel regarding the propriety of a continuance and prospective dates for all matters subject to the current scheduling order.

WHEREFORE, PREMISES CONSIDERED, Defendant Stern respectfully requests that the Court schedule a status conference to address this motion for continuance and thereafter, to modify all dates reflected in the current amended scheduling order ECF #94.

Respectfully submitted,


/s/DEAN BLUMROSEN
Dean Blumrosen
Texas Bar No. 02517900
1207 S. Shepherd Dr.
Houston, Texas 77019
713/524-2255 (Tel)
dblumrosenlaw@gmail.com

/s/George McCall Secrest, Jr.
George McCall Secrest, Jr.
Texas Bar No. 17973900
Bennett & Secrest, PLLC
1545 Heights Blvd., Suite 800
Houston, Texas 77008
713/757-0679 (Tel)
mac@bennettandsecrest.com

/s/David L. Botsford
David L. Botsford
Texas Bar No. 02687950
Botsford & Roark
1307 West Avenue
Austin, Texas 78701
512/479-8030 (Tel)
dbotsford@aol.com

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for the three co-defendants who are subject to the Court's current amended scheduling order (ECF #94) as well as counsel for the government and all agreed that a continuance of all dates reflected in ECF #94 should be granted. However, as reflected above, the Government is opposed to a continuance of more than three months, whereas counsel for two co-defendants believe a continuance of all dates until May 2020 should be granted with appropriate dates being selected by the Court in May 2020.

/s/DEAN BLUMROSEN

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was distributed to all counsel of record via the CM/ECF filing system on the same day it was electronically filed with the Clerk of the Court.

/s/DEAN BLUMROSEN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:19-cr-00450(1) |
| | § | |
| JEFFREY STERN, ET AL. | § | |

## ORDER

The Court intends to grant Defendant Stern's Unopposed Motion For Continuance and will enter an amended scheduling order to establish appropriate dates after a status conference to be held on the ___ day of _____, 2019, at _____ o'clock.

SIGNED THIS ___ day of October 2019.

_____
Hon. Lee H. Rosenthal
Chief United States District Judge