UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal No. H 19-450 |
| | § | |
| RICHARD PLEZIA | § | |

**DEFENDANT'S SECOND MOTION IN LIMINE**

Defendant Richard Plezia files this Defendant's Second Motion in Limine and would show the court as follows

**I.**

Defendant is charged with Conspiracy, False Statement, and a False Document. The Government has on multiple occasions referred to the conspiracy as a "Hub and Spoke Conspiracy". In a "hub-and-spoke conspiracy," a central mastermind, or "hub," controls numerous "spokes," or secondary co-conspirators. These co-conspirators participate in independent transactions with the individual or group of individuals at the "hub" that collectively further a single, illegal enterprise.

The "hub and spoke conspiracy" is not a term used with favor by the Fifth Circuit any longer.

> *The nature of the scheme.* Although diagrams and charts of conspiracies as either "wheels" or "chains" were once important

1

in analyzing this criterion,1 this court has moved away from a structural and formal examination of the criminal enterprise. Indeed, we have rejected an analysis of this factor based on wheels, charts, or other modes.2 Instead, this court has moved to a more functional and substantive analysis. In 1973, we determined that, "[i]f [an] agreement contemplates bringing to pass a continuous result that will not continue without the continuous cooperation of the conspirators to *416 keep it up, then such agreement constitutes a single conspiracy." Perez, 489 F.2d at 62. Similarly, in U.S. v. Elam, 678 F.2d 1234 (5th Cir.1982), we stated that the existence of a single conspiracy will be inferred where the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect or to the overall success of the venture, where there are several parts inherent in a larger common plan, id. at 1246.

Thus, it can be said in the instant case that "[t]he success of this conspiracy depended on the continued willingness of each member to perform his function." Richerson, 833 F.2d at 1154. If the sellers discontinued selling, there would be no cocaine for Costa and the purchasers to buy. "The necessity of a steady cocaine supply to feed a distribution effort is beyond question." DeVarona, 872 F.2d at 199. Likewise, the distribution effort is critical to the success of the suppliers. If the purchasers ceased to buy, there would be no reason for Costa to buy from the sellers, and hence no reason for the sellers to acquire the cocaine. Thus, although the sellers and the purchasers may not have had a direct relationship with each other, each was necessary for the continued success of the venture.

*US v. Morris*, 46 F 3rd 410, 415-16 (5th Cir. 1995) (emphasis in original)

The Hub and Spoke definition of a conspiracy has long been disfavored by the Fifth Circuit. It is confusing to the jury and an unnecessary waist of the courts time. Defendant requests that the Court order the government not to use the phrase or any other phrase like it.

Respectfully Submitted,

**TRITICO RAINEY, PLLC**

/s/ Christopher L. Tritico

Christopher L. Tritico
Fed Bar No. 52636
ctritico@triticorainey.com
Ron S. Rainey
Fed Bar No. 10076
rrainey@triticorainey.com
1523 Yale Street
Houston, Texas 77008
(713) 581-3399 Telephone
(713) 581-3360 Facsimile
***Attorneys for Defendant***
***Richard Plezia***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all attorneys via the Court's electronic notification system on this the 4th day of January 2023.

/s/ Christopher L. Tritico
**Christopher L. Tritico**
